**Commonwealth v. Pierce**

536

*Chase McClister, assistant district attorney,* for Commonwealth.

*Stanley Fudor,* for defendant.

NICKLEACH, *S.J.,* January 28, 2008—Before the court for disposition is defendant's omnibus pretrial motion in the nature of a motion to suppress. Defendant is charged with, among other things, driving under the influence under 75 Pa.C.S. §3802(a)(1) and 75 Pa.C.S. §3802(c), and careless driving, 75 Pa.C.S. §3714. The parties agree that the sole issue to be decided here is the validity of the initial traffic stop.

At the omnibus hearing, Trooper Christopher Robbins of the Pennsylvania State Police testified as follows. On April 9, 2006, he and Officer Goldinger of the Armstrong County roving DUI task force were patrolling together in Kittanning Borough. It was nighttime, the roads were dry, the skies were clear, and the temperature was approximately 30 degrees. Robbins heard a 911 radio transmission regarding a possible DUI driver. The radio transmission stated that a driver near the Edgewood intersection of Hill Street had called in and reported seeing a red Jeep Cherokee operated by a white male. The caller, who had given his name to the 911 dispatcher, reported that the driver was driving "fast" and "recklessly" on old State Route 66, also known as Hill Street.

Robbins was close to the location described and immediately drove to the scene. When he arrived at the intersection, he observed a vehicle driven by defendant making an u-turn at the crest of the hill on a curve. Robbins was approximately 700 feet from the vehicle when

the u-turn was made. The vehicle then headed towards Robbins' vehicle. Robbins brought his car to a halt and when the vehicle passed him, he turned it around to follow it. Robbins identified it as a red Jeep and saw a car behind it at some distance.

A 911 radio transmission informed Robbins that the caller had just said a patrol car was now following the Jeep. Robbins stopped the Jeep at approximately 1:18 a.m. The driver in the vehicle following the Jeep drove by and was stopping to assist. Robbins made certain that the 911 dispatcher had the name and telephone number of the driver/caller and waved him on. The caller was identified as Robert Monheim of Vandergrift, Pennsylvania. Following the initial traffic stop, Robbins arrested defendant for DUI.

Robbins testified that the basis for his stop of defendant was "primarily" his own observations. Robbins said he stopped defendant for violating 75 Pa.C.S. §3332(b), limitations on turning around, because it was a traffic violation to make the u-turn on top of a crest on a curve. Robbins' secondary reason for making the stop was that a known caller had reported seeing the red Jeep driving fast and recklessly. Asked if there were any other vehicles around, Robbins replied, "There might have been. I can tell you the traffic definitely wasn't heavy."

Section 3332 states as follows:

*"Section 3332. Limitations on turning around*

*"(a) General rule.*—The driver of any vehicle shall not turn the vehicle so as to proceed in the opposite direction unless the movement can be made in safety and without interfering with other traffic.

*"(b) Turns on curves or grades.*—No vehicle shall be turned so as to proceed in the opposite direction upon any curve, or upon the approach to or near the crest of a grade, *where the vehicle cannot be seen by the driver of any other vehicle approaching from either direction within 500 feet."* 75 Pa.C.S. §3332. (emphasis added)

Defendant points out that the Commonwealth has offered no evidence that the distance from defendant to Robbins or any other driver on the road was less than 500 feet, or that the u-turn was otherwise made at a time when it was unsafe to do so. Defendant further argues that the observations of the 911 caller were not sufficient cause to stop defendant for any traffic violation.

The court agrees. With respect to the 911 caller, even if he could be considered a reliable informant because he identified himself to the 911 dispatcher and continued to monitor the defendant's driving by following him, the driver's observations as reported in the radio transmission were not descriptive enough and were too conclusory to be a basis for stopping defendant for careless driving. The caller did not specifically describe what defendant was doing to lead the caller to conclude that defendant was driving "recklessly." Obviously, a statement that a person is driving "fast" cannot serve as the basis for a traffic stop.

As to defendant's alleged violation of 75 Pa.C.S. §3332(b), the Commonwealth presented absolutely no evidence that defendant's u-turn occurred "upon any curve, or upon the approach to or near the crest of a grade, *where the vehicle [could not] be seen by the driver of any other vehicle approaching from either direction within 500 feet." Id.* (emphasis added) Robbins stated

that defendant made a u-turn approximately 700 feet away at the top of a hill on a curve. He did not testify that the vehicle could not be seen by the driver of any vehicle approaching from either direction within 500 feet. As such, Trooper Robbins had no reasonable suspicion that defendant had violated the Motor Vehicle Code and his initial stop of defendant was unlawful. Therefore, defendant's omnibus motion in the nature of a motion to suppress is granted.

An appropriate order will be entered.

## ORDER

And now, to wit, January 28, 2008, defendant having filed an omnibus pretrial motion, after hearing and upon consideration of the evidence and for the reasons set forth in the attached memorandum, it is ordered, adjudged and decreed that the motion be and it hereby is granted and all evidence seized as a result of the illegal arrest be and hereby is suppressed.